In the Matter of the **WELFARE OF N.T.K., Appellant.**

No. C2–00–750.

Court of Appeals of Minnesota.

Nov. 28, 2000.

William E. McGee, Fourth District Public Defender, Warren R. Sagstuen, Assistant Public Defender, Renee J. Bergeron, Assistant Public Defender, Minneapolis, MN, (for appellant).

Mike Hatch, Minnesota Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Donna J. Wolfson, Assistant Hennepin County Attorney, Minneapolis, MN, (for respondent).

Considered and decided by HARTEN, Presiding Judge, KLAPHAKE, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Appellant N.T.K., a juvenile, appeals the district court's delinquency disposition order, arguing that the evidence does not support his placement and that the district court's findings of fact are insufficient. Because the district court's findings of fact do not adequately address the statutory factors necessary to support the placement order as required by Minn.Stat. § 260B.198, subd. 1(m) (Supp.1999), and Minn.R.Juv.P. 15.05, subd. 2(A), we reverse and remand for the limited purpose of requiring the district court to conduct an expedited review of this case and make adequate written findings.

## FACTS

In July 1998, appellant, now 17 years old, pleaded guilty to first-degree damage to property and disorderly conduct. The district court adjudicated appellant delinquent and ordered him placed at Woodland Hills, a residential treatment facility. In April 1999, appellant successfully completed the program, and as part of the required program aftercare, enrolled in Katadin School, an intensive day-treatment program. Appellant periodically disappeared from home and failed to report to Katadin on May 3, 1999. Appellant's probation officer ordered him detained.

At a May 26, 1999 disposition hearing, appellant admitted violating his probation and committing a new instance of disorderly conduct. On June 3, 1999, the district court adjudicated appellant delinquent on the new charge and ordered his placement at Gateway Group Home. The group home discharged appellant on June 6, 1999 for fighting with another resident, and the state charged appellant with new counts of disorderly conduct and criminal damage to property. The court adjudicated appellant delinquent based on the disorderly conduct charge. Hennepin County probation officers regarded appellant as a risk to himself and others, and the court accepted the

probation officer's recommendation that appellant be detained and receive mental-health evaluations. On July 19, 1999, the district court placed appellant at the David Ward Group Home.

Appellant again failed to comply with the conditions of his probation by absenting his home, failing to comply with random urinalysis, failing to attend court-ordered counseling, and failing to take medication. The state and appellant negotiated an agreement whereby appellant would complete a consequence-based program and then seek work and a high-school diploma or GED while living with and working for a family friend in Tennessee. Consistent with the probation officer's recommendation, the district court's order provided for "stayed out of home placement to Commissioner of Corrections at Red Wing or County Home School."

Appellant completed the program and arrived in Tennessee on February 21, 2000. Unable to enroll in school because he did not live with his legal guardian, appellant did not do any meaningful work for the friend. Claiming, among other things, that he missed his mother, appellant returned to Minnesota in early March. Upon his return to Minnesota, at the request of his probation officer, he was taken into custody.

After two March 2000 hearings, the district court determined that appellant's departure from Tennessee was not a probation violation, but did constitute a failed placement. The district court lifted the stay and, based on probation's recommendation that appellant needed a structured-consequence program, committed appellant to the corrections department juvenile facility in Red Wing, Minnesota. The order provided that once appellant successfully completed that program, juvenile-court jurisdiction would be dismissed.

Appellant contests the placement order, arguing that the sanction was disproportionate to his offenses and that the court did not make the statutorily required written findings of fact.

## ISSUE

Did the district court commit reversible error by failing to support appellant's Red Wing placement with written findings of fact?

## ANALYSIS

District courts are afforded broad discretion in determining appropriate juvenile-delinquency dispositions, and we affirm dispositions that are not "arbitrary." *In re Welfare of J.A.J.*, 545 N.W.2d 412, 414 (Minn.App.1996). A delinquency disposition is lawful only if necessary to the rehabilitation of the child. Minn.Stat. § 260.185, subd. 1 (1998). A disposition calling for out-of-home placement must be supported by evidence that the placement is the least drastic step necessary to restore law-abiding conduct. *In re Welfare of M.R.S.*, 400 N.W.2d 147, 151 (Minn.App.1987).

In addition, a district court ordering out-of-home placement is required to make findings of fact that show (1) why public safety is served by the disposition; (2) why the best interests of the child are served by the disposition; (3) what alternative dispositions were proposed to the court and why such recommendations were not ordered; (4) why the child's present custody is not acceptable; and (5) how the correctional placement meets the child's needs. Minn.Stat. § 260B.198, subd. 1(m) (Supp.1999); Minn.R.Juv.P. 15.05, subd. 2(A).

Written findings are essential to meaningful appellate review. *In re Welfare of L.K.W.*, 372 N.W.2d 392, 401 (Minn. App.1985). Findings are also required to show that the district court considered vital standards and to enable the parties to understand the court's decision. *Id.* at 400–401. For these reasons, we have repeatedly emphasized the importance of findings in our many published decisions

that hold inadequate juvenile disposition findings constitute reversible error. *See id.* (holding insufficient findings are an independent basis for reversal); *see also In re Welfare of J.S.S.*, 610 N.W.2d 364, 368 (Minn.App.2000) (reversing for failure to make sufficient statutorily required written findings of fact); *In re Welfare of C.A.W.*, 579 N.W.2d 494, 499 (Minn.App. 1998) (reversing where district court's findings did not address the factors necessary to justify out-of-home placement); *In re Welfare of J.A.J.*, 545 N.W.2d 412, 415 (Minn.App.1996) (reversing where findings insufficient to support residential treatment); *In re Welfare of M.A.C.* 455 N.W.2d 494, 499 (Minn.App.1990) (explaining that the failure to make statutorily required written findings warrants reversal); *In re Welfare of M.R.S.*, 400 N.W.2d 147, 150–51 (Minn.App.1987) (observing that four single sentence findings with little elaboration insufficient); *In re Welfare of L.B.*, 404 N.W.2d 341, 346 (Minn.App. 1987) (stating insufficient written findings constitutes reversible error even though record indicates court considered options and had good reasons for its choice).

In this case, appellant argues and the state concedes that the district court failed to make sufficient written findings to support the Red Wing placement. The district court found, in two sentences, that the Tennessee "placement failed" and that the Red Wing commitment was "the least restrictive alternative necessary to return [appellant] to law-abiding behavior." Though these factual findings may be read to address some of the factors and the evidence may very well ultimately support the disposition, the findings lack the completeness required by statute and rule.

In this case, the inadequate findings prevent us from undertaking effective review of the Red Wing placement. Mindful of the seven months appellant has already spent in the Red Wing facility, we reverse and remand for the limited purpose of requiring the district court to undertake an expedited review of this matter, including appellant's progress to date, and issue written findings of fact comporting with the statutory and rule requirements.

## DECISION

The district court's failure to make adequate written findings in accordance with Minn.Stat. § 260B.198, subd. 1(m) (Supp.1999), and Minn.R.Juv.P. 15.05, subd. 2(A), to support the juvenile-delinquency disposition requires reversal and remand.

**Reversed and remanded.**